Grant E. Kinsel, Bar No. 172407
GKinsel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone: 310.788.9900
Facsimile: 310.788.3399
Attorneys for SEDRON TECHNOLOGIES, LLC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRON TECHNOLOGIES, LLC,<br><br>   *Plaintiff*,<br><br>  *v.*<br><br>DÉVELOPPEMENT SOLUGEN INC.,<br><br>   *Defendant* | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT; JURY TRIAL DEMAND |

Complaint

*Nature of the Action*

1. This is a patent-infringement action by Sedron Technologies, LLC against Solugen Global for the infringement of U.S. Patent No. 11,639,318 (the "'318 Patent"). A copy of the '318 Patent is attached hereto as Exhibit A.

2. The '318 Patent describes innovative solutions to creating liquid fertilizers containing nitrogen derived from organic sources.

3. Solugen Global makes, uses, sells, offers to sell, and imports for sale liquid nitrogen fertilizers derived from organic sources that infringe one or more claims of the '318 Patent. One such product is marketed under the brand name "Azogen," and is offered for sale throughout the United States, including in California.

*The Parties*

4. Sedron is a Delaware limited liability company with its principal place of business located in Sedro-Woolley, Washington.

5. Sedron is informed and believes and thereon alleges that Développement Solugen Inc. ("Solugen Global") is a Canadian corporation registered in Quebec and having its principal place of business at 314-1191 rue de Courchevel, Lévis (Québec) G6W0N9. Sedron is further informed and believes and thereon alleges that Solugen Global makes, uses, sells, offers for sale and imports into the United States for sale Azogen branded products. Solugen Global has an office located at 150 Main Street, Suite 130, Salinas, California, 93901.

*Jurisdiction and Venue*

6. This is a civil action for patent infringement rising under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 271, *et seq.*

7. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Solugen Global because Solugen Global has continuous and systematic contacts within this forum that render it at home in California. Specifically, Sedron is informed and believes and thereon alleges

Complaint

–1–

that Solugen Global has a regular and established place of business within this judicial district at 150 Main Street, Suite 130, Salinas, CA 93901.

9. Sedron is further informed and believes and thereon alleges that Solugen Global makes its infringing product available for sale generally throughout the United States, including in California. Sedron is further informed and believes and thereon alleges that Solugen Global places its products in the stream of commerce through its own website, https://www.solugenglobal.com/, as well as third-party websites including https://morr.com/catalogsearch/result/?q=Azogen, https://greeneartha-gandturf.com/products/azogen-5-0-0-organic-liquid-nitrogen, and https://www.rockymountainbioag.com/products/azogen-5-0-0-liquid-organic-nitro-gen-fertilizer?srsltid=AfmBOop_2l6N9s4RrkX-IG40IGnS5kZ-m3djLFKCQgF5DL0wwvKkN5lO&variant=46678181937389. Sedron is further informed and believes and thereon alleges that each of these websites makes the infring-ing product available for purchase and shipping throughout the United States, includ-ing in California. Sedron is further informed and believes and thereon alleges that So-lugen Global commits acts of patent infringement within this judicial district and has specifically directed such acts to this district.

10. Accordingly, this Court's personal jurisdiction over Solugen Global com-ports with the constitutional standards of fair play and substantial justice and arises directly from Solugen Global's purposeful minimum contact with the State of Califor-nia.

11. Solugen Global is not a resident of the United States. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3). Solugen Global also has a phys-ical office in this judicial district from which it conducts business. Sedron is informed and believes and thereon alleges that Solugen Global makes, uses, sells, and offers to sell, the Accused Product from its California offices. Thus, this Court is the proper venue for this matter pursuant to 28 U.S.C. § 1400(b).

*Factual Background*

12.     On May 2, 2023, the '318 Patent, entitled "Organic Liquid Fertilizer," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '318 Patent is attached hereto as Exhibit A.

13.     Sedron is the owner of the entire right, title, and interest in and to the '318 Patent.

14.     Conventional fertilizers derived from an organic source have a nitrogen content that is less than 3%, and the nitrogen is usually in a slow-release form that must be broken down by other microorganisms in the soil before the nitrogen is in a form that can be used by plants and crops. '318 Patent, 1:52–58. As a result, farmers, agriculturists, cultivators, and other growers historically preferred synthetic fertilizers that are created from inorganic materials and that have a higher percentage and quicker release of nitrogen. *Id.* at 1:59–62. But these synthetic fertilizers have other disadvantages, such as presenting a higher risk of burning plant roots and washing nutrients out of the soil. *Id.* at 1:42–46.

15.     The '318 Patent discloses innovative methods for producing organic liquid fertilizers that, compared to conventional organic-based fertilizers, have a higher nitrogen percentage and a more readily available form of nitrogen. In other words, the organic liquid fertilizers disclosed in the '318 Patent are superior to conventional organic liquid fertilizers.

16.     Specifically, the '318 Patent enables the production of liquid organic fertilizers that have a nitrogen content of at least 4%, rather than the conventional amount of less than 3%. *Id.* at 2:21-23, 7:1-2. The nitrogen is also in the form of ammoniacal nitrogen, which is water soluble and therefore quickly released into the soil and readily available for plants and crops. *Id.* at 2:24–28, 6:32–37.

17.     Further, the nitrogen in the liquid organic fertilizers is derived from a plant or animal-sourced waste. *Id.* 3:16–26. Not only does this create fertilizers having improved performance when produced using the techniques disclosed in the '318

Complaint

–3–

Patent, but this also provides environmental advantages. For example, using nitrogen from plant or animal-source waste reduces or even eliminates manure lagoons, captures nutrients and reduces pollution, and supports sustainable farming.

18.     The '318 Patent teaches various innovative techniques for producing these improved organic liquid fertilizers. One example technique can be summarized at a high level as "a) obtaining a liquid organic waste filtrate; b) adding an acid and [*sic*] c) performing an evaporation process on the liquid organic waste filtrate." *Id.* at 1:66–2:3. Additional details of this and other techniques for producing the improved organic liquid fertilizers are taught at length in the '318 Patent. See also, *Id.* at 2:50–7:58.

19.     Sedron manufactures and sells innovative liquid organic fertilizers having at least 4% ammoniacal nitrogen derived from an animal-sourced waste.

20.     Solugen Global makes, uses, sells, offers to sell, and imports into the United States for sale organic liquid fertilizers that infringe the '318 Patent and directly compete with Sedron's own product offerings. As explained below, Solugen Global's organic liquid fertilizers also include at least 4% ammoniacal nitrogen and are derived from an animal-source waste.

*First Claim for Relief*

*Patent Infringement of the '318 Patent*

21.     Sedron repeats and realleges paragraphs 1–20, above.

22.     Sedron is the owner of all right, title, and interest in the '318 Patent.

23.     Sedron has never licensed Solugen Global under the '318 Patent, nor has Sedron otherwise authorized Solugen Global to manufacture, market, sell, distribute, or practice any part of the '318 Patent.

24.     Sedron is informed and believes and thereon alleges that Solugen Global makes, uses, sells, offers to sell, and imports into the United States for sale an organic liquid fertilizer under the brand name Azogen. For example, Solugen Global offers this product for sale directly to potential buyers online. See Exhibits B and C. Sedron is

further informed and believes and thereon alleges that Solugen Global also sells and offers to sell Azogen from and through other retailers, such as Rocky Mountain BioAg, Morr, and Green Earth Ag&Turf. See Exhibits D–F.

25. Sedron is informed and believes and thereon alleges that Solugen Global has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '318 Patent, including (but not limited to) at least claim 1 of the '318 Patent by making, using, selling, offering to sell, or importing into the United States for sale, without license or authority, Solugen Global's organic liquid fertilizer products branded as Azogen (the "Accused Products"), without Sedron's authorization, in violation of 35 U.S.C. § 271(a).

26. For example, Solugen Global makes, uses, sells, offers for sale, and/or imports into the United States for sale the Accused Products, which practice and infringe, at least, claim 1 of the '318 Patent, as shown below:

| Claim 1 | Azogen |
| --- | --- |
| An aqueous liquid fertilizer | Azogen is an aqueous liquid fertilizer. |

| comprising at least 4% dissolved ammoniacal nitrogen | Azogen contains at least 4% dissolved ammoniacal nitrogen. Azogen includes 5% ammoniacal nitrogen. <br><br> **Technical Facts** <br> Azogen 5-0-0 (Organic) <br><br> **Plant Availability** **100%** Immediate Uptake <br><br> **Guaranteed Analysis** <br> Total Nitrogen 5% <br> Ammoniacal Nitrogen 5% <br> Phosphorous 0% <br> Potassium 0% <br> Sodium 0% <br> Total suspended matter 0% <br><br> **Physical Properties** <br> PH 9.5 <br> Density 9.0 lbs/gal @ 68°F <br><br> Rigorously tested, Azogen guarantees safety in its application for organic farming. As a 100% water-soluble ammoniacal nitrogen fertilizer, Azogen stands as a versatile solution designed to cater to diverse crop needs. <br><br> The nitrogen is dissolved (100% water-soluble/no suspended matter). <br><br> **Why Azogen?** <br> ✓ Nitrogen source: Ammonia-based <br> ✓ Can be used at any temperature <br> ✓ No suspended matter <br> ✓ Easy to use: No agitation required before use <br> ✓ Versatile application methods |
| derived from a plant or animal-sourced waste. | The ammoniacal nitrogen contained in Azogen is derived from a plant or animal-sourced waste. |

**AZOGEN:**
OMRI listed Liquid Bio-Based Fertilizer.

**OMRI LISTED:**
Azogen is an OMRI listed liquid bio-fertilizer, ensuring the highest standards for organic farming.

**5% TOTAL NITROGEN CONTENT:**
Derived from manure, Azogen guarantees a 5% total nitrogen content, making it a reliable source of essential nutrient.

**SUSPENDED MATTER-FREE:**
Our product is free from any suspended matter, ensuring a clean and efficient application.

**HIGH AMMONIACAL NITROGEN:**
Azogen contains a high ammoniacal nitrogen content, making it an excellent choice for organic farming.

**VERSATILE APPLICATION:**
Azogen stands out for its exceptional versatility. It can be seamlessly integrated into various crop and fertilization management strategies.

# An Overnight Success, 20 Years In The Making

Solugen Global is a multigenerational, family-owned company, that's spent two decades perfecting a clean, circular approach to agriculture and water.

Starting with hog manure, Solugen extracts clean water, returned safely to the environment, and transforms the remaining nutrients into Azogen, one of the highest-performing liquid nitrogen fertilizers approved for organic farming.

What looks like a breakthrough today is the result of 20 years of grit, science, and quiet innovation.

27.    Sedron is informed and believes and thereon alleges that Solugen Global has and continues to indirectly infringe by inducement of at least claim 1 of the '318 patent under 35 U.S.C. § 271(b). Solugen Global has and continues to promote,

Complaint

–7–

advertise, and instruct customers and potential customers about Azogen and the method of using Azogen, including infringing uses. Solugen Global's promotion, advertising, and instruction efforts include, at a minimum, maintenance of their websites, the production and distribution of technical sheets including instructions for applying Azogen, and other indicia printed on the packaging of Azogen. On information and belief, Solugen Global engaged in these acts with the actual intent to cause the acts which they knew or should have known would induce actual infringement.

28.    Solugen Global has had actual notice of the existence of the '318 Patent at least as of the date of service of this Complaint. Thus, Solugen Global's continued making, using, selling, offering to sell, and/or importing into the United States for sale the Accused Products after service of this Complaint are made with the actual knowledge of the '318 Patent. Because of the objectively high likelihood that the Accused Products infringe the '318 Patent as set forth above, such continued infringement is willful.

29.    As a result of Solugen Global's infringement of at least claim 1 of the '318 Patent, Sedron has suffered monetary damages in an amount yet to be determined, and will continue to suffer damages in the future unless Solugen Global's infringing activities are enjoined by this Court.

30.    Solugen Global has irreparably harmed Sedron. Unless and until Solugen Global is enjoined by this Court from further infringement, Sedron will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

31.    In addition to its actual damages, Sedron is entitled to a permanent injunction restraining and enjoining Solugen Global and their respective agents, servants, and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing at least claim 1 of the '318 Patent. By reason of the foregoing, Sedron is also entitled to relief against Solugen Global pursuant to, at least, 35 U.S.C. §§ 283–285.

*Prayer for Relief*

WHEREFORE, Sedron respectfully requests that this Court enter:

A.   A judgment in favor of Sedron that Solugen Global has been and is directly and indirectly infringing at least claim 1 of the '318 Patent, pursuant to 35 U.S.C. §§ 271(a) and/or 271(b);

B.   A permanent injunction enjoining Solugen Global and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, or inducing the infringement of, at least claim 1 of the '318 Patent;

C.   An accounting of all sales, revenues, and profits subject to Sedron's cause of action;

D.   A judgment awarding Sedron all damages adequate to compensate it for Solugen Global's infringement of the '318 Patent, and in no event less than a reasonable royalty for Solugen Global's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, as a result of Solugen Global's infringement of, or inducing the infringement of, at least claim 1 of the '318 Patent;

E.   An award of enhanced damages as a result of Solugen Global's willful infringement of at least claim 1 of the '318 Patent as provided under 35 U.S.C. § 284;

F.   An assessment of costs, including reasonable attorneys' fees and litigation costs pursuant to 35 U.S.C. § 285, and prejudgment interest against Solugen Global; and

G.   Such other and further relief as the Court may deem proper

*Jury Trial Demand*

Sedron hereby demands a trial by jury on all issues so triable.

Dated: April 24, 2026                              PERKINS COIE LLP


                                                   By:      /s/ Grant E. Kinsel
                                                            Grant Kinsel, Bar No. 172407
                                                            gkinsel@perkinscoie.com

                                                   Attorneys for SEDRON TECHNOLO-
                                                   GIES, LLC